UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**Erica Meintzinger on behalf of herself and all others similarly situated,**

                **Plaintiff,**

v.

**Diversified Consultants, Inc.**

                **Defendant.**

**Docket No.  18 cv 6073**

**CLASS ACTION**

**Jury Demanded**

---

### Class Action Complaint for
### Violations of the Fair Debt Collection Practices Act

1. Plaintiff Erica Meintzinger ("Plaintiff" or "Meintzinger") files this Complaint seeking redress for the illegal practices of Defendants in connection with the collection of an alleged debt allegedly owed by Plaintiff in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### Parties

2. Plaintiff is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

4. The alleged debt of Plaintiff is a "debt" as defined by 15 U.S.C. § 1692a in that it is a personal loan or extension of credit alleged to be owed for personal, family, or household services.

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.  The alleged debt was allegedly incurred for a personal cell phone.

1

6. At all times relevant to this Complaint, Defendant Diversified Consultants, Inc. (hereinafter, "Diversified" or "Defendant") is a debt collector regularly engaged in the collection of debts allegedly due to others, as defined by the FDCPA § 1692a(6), in that they directly or indirectly collected debts.

7. At all times relevant to this Complaint Defendant was regularly engaged in the collection of debts allegedly due to others.

8. At all times relevant to this Complaint, the principal purpose of the Defendant was the collection of debts.

## Jurisdiction and Venue

9. This Court has federal question jurisdiction pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

10. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Factual Allegations

12. In an attempt to collect this alleged debt, on November 3, 2017, Defendant sent Plaintiff the debt collection letter attached as Exhibit A hereto.

13. Plaintiff received Exhibit A.

14. Exhibit A was Defendant's first communication with Plaintiff.

15. Exhibit A states:

      Total Debt Due as of Charge-off: $1,272.18
      Total Interest Accrued Since Charge-Off: N/A
      Total Non-Interest Charges or Fees Since Charge-Off: $228.99
      Total of Payments Made on the Debt Since Charge-Off: N/A

16. <u>Exhibit A</u> indicates that "Non-Interest Charges or Fees" have accrued post charge-off. <u>Exhibit A</u> does not indicate whether "Non-Interest Charges or Fees" are going to continue to accrue. This is illegal under the FDCPA. <u>Exhibit A</u> does not provide the least sophisticated consumer with either of the "safe harbor" provisions provided by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016). This deprives the least sophisticated consumer the ability to determine how much is owed on the alleged debt, thereby depriving them of their statutory right to this information.

17. <u>Exhibit A</u> fails to provide any specific information about what "Non-Interest Charges or Fees" are going to be charged.  As first suggested by the Second Circuit in *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016), and later mandated by the Second Circuit in *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017), debt collectors must provide this information to consumers.

18. <u>Exhibit A</u> violates 15 USC 1692e, and various subdivisions thereto, in that it fails to inform the Plaintiff of the amount of the debt, and how much is needed to pay off the debt.  *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72 (2d Cir. N.Y. 2016); *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 215-17 (2d Cir. 2017).

19. <u>Exhibit A</u> violates the FDCPA, *Avila*, and *Carlin* in that the Plaintiff is misled as to the proper amount, character, and status of the debt.

20. <u>Exhibit A</u> is deceptive, unfair and unconscionable and violates 15 USC

3

1692e, 15 USC 1692e(2), 15 USC 1692e(10), 15 USC 1692f, 15 USC 1692g, and 15 USC 1692f, in that it fails to inform the Plaintiff whether costs may continue to accrue on the account and how much. Nor does it provide either of the "safe harbor" provisions outlined by the Second Circuit in *Avila*. It leaves the consumer unable to determine the amount of the debt needed to pay off the debt.

21. The initial letter Defendant sent to the Plaintiff violates 15 USC 1692g(a) in that it fails to properly and effectively convey to Plaintiff the amount of the debt that is allegedly owed, as specifically required by the FDCPA. Defendant did not send another letter within five days of sending Exhibit A, that properly conveyed the Plaintiff's rights under 15 USC 1692g.

22. Additionally, Exhibit A is false and misleading in that it can be understood in two different ways, one of which is false.

23. Exhibit A can be read to mean that costs were continuing to accrue. If costs were continuing to accrue on the account, then the Defendant was obligated to include the safe harbor notices mandated by *Avila*, and *Carlin*. The Defendant's failure to do so violates 15 USC 1692e, 1692e(2), 1692e(5), 1692e (10); and 1692g.

24. If costs were not continuing to accrue, then Exhibit A is false and deceptive in that it includes language that could indicate that it is a possibility that interest was continuing to accrue.

### *Class Action Allegations*

25. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Based on the fact that the collection letter at the heart of this litigation is a mass-mailed form letters, the class is so numerous that joinder of all members is impractical.

4

    b.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include whether <u>Exhibit A</u> violates the FDCPA.

    c.  The claims of Plaintiff are typical of the class members' claims.  All are based on the same facts and legal theories.  The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendant's records.

    d.  Plaintiff will fairly and adequately represent the class members' interests.  All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.

    e.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

26.  A class action is superior for the fair and efficient adjudication of the class members' claims.

27. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

28. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

29.  Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30. If the facts are discovered to be appropriate, Plaintiff will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31. This Count is brought by Plaintiff, individually, and on behalf of a class

that, according to Defendant's records, consists of: (a) all individuals who have mailing addresses within the United States; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to Exhibit A attached to Plaintiff's Complaint (d) which was not returned by the postal service as undeliverable.

32. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

**Violations of the Fair Debt Collection Practices Act**

33. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

**Class Allegations Related to Exhibit A**

34. As described above, by sending Exhibit A to Plaintiff, the Defendant violated 15 USC 1692g(a), 15 USC 1692e, 15 USC 1692e(2), 15 USC 1692e(5), 15 USC 1692e(10) and 15 USC 1692f and 15 USC 1692f(1).

35. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

36. As a result of Defendant's deceptive, insidious, and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

**WHEREFORE**, Plaintiff asks that this Court enter judgment in her favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

6

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(C) Declaratory relief declaring that Exhibit A and/or the initial letter Defendant sent Plaintiff violates the FDCPA; and

(D) Any other relief this Court deems appropriate and just.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: West Islip , New York
October 23, 2018

RESPECTFULLY SUBMITTED,

S/ JOSEPH MAURO
Joseph Mauro
The Law Offices of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
Tel: (631) 669-0921

7

# EXHIBIT A

PO BOX 1391
SOUTHGATE, MI 48195-0391



11/03/17

Current Creditor: VERIZON WIRELESS
Original Creditor: VERIZON WIRELESS
Account Number: 028820788000001
Agency Reference Number: 61345848
Current Balance: $1,501.17

Erica C Falk
369 Heathcote Rd
Lindenhurst, NY 11757-1744

| Total Debt Due As of Charge-Off: | Total Interest Accrued Since Charge-Off: | Total Non-Interest Charges or Fees Since Charge-Off: | Total of Payments Made On the Debt Since Charge-Off: |
|---|---|---|---|
| $1,272.18 | N/A | $228.99 | N/A |

This notice is to inform you that your account with VERIZON WIRELESS has been referred to our office for collections.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Calls to or from this company may be monitored or recorded.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,

Adam Felty
Diversified Consultants, Inc.
PO Box 551268
Jacksonville, FL  32255-1268

 Toll Free: 877-848-1045

 Hours of Operation:
Monday – Thursday:   8 AM – 11 PM EST
Friday:   8 AM – 10 PM EST
Saturday:   9 AM – 4 PM EST

 Pay Your Bill Online at:
www.dcicollect.com

**NOTICE: See Reverse Side for Important Information.**

DCI\00100\237316401304                                                                                                                                    7719\0005062\002

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - Detach and Return with Payment - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**To pay by credit card, please complete the information below:**        0010

Check One:       ❏ VISA   ❏ MasterCard   ❏ AMEX   ❏ Check
Card Number: ☐☐☐☐ ☐☐☐☐ ☐☐☐☐ ☐☐☐☐
Expiration Date: ☐☐☐☐  CCV#: ☐☐☐  Last 3 digits on back of card
Signature of Cardholder: _____
Cardholder Name: _____
Cardholder Billing Address: _____
_____

Current Creditor: VERIZON WIRELESS
Original Creditor: VERIZON WIRELESS
Account Number: 028820788000001
Agency Reference Number: 61345848
Current Balance: $1,501.17

877-848-1045

**Amount Due: $1,501.17**

**Amount Submitted:**

$ ☐☐☐☐☐.☐☐

**Make Checks Payable to Verizon**



DIVERSIFIED CONSULTANTS, INC.
PO BOX 551268
JACKSONVILLE, FL 32255-1268



We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law.

New York City Department of Consumer Affairs License Number: 1202819. Contact Adam Felty at 1-800-771-5361.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:
(i) the use or threat of violence;
(ii) the use of obscene or profane language; and
(iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:
1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.